STATE OF MAINE                    SUPERIOR COURT
WALDO, SS.                        DOCKET NO. RE 18-08


MARK & JACQUELYN OGDEN    )
           Plaintiffs    )
                    )
                    )    **FINDINGS, DECISION &**
          v.    )    **JUDGMENT**
                    )
JOEDY LABONVILLE          )
           Defendant    )

Procedural status

This matter came before the Court to address the Plaintiffs' Complaint for ejectment, and the Defendant's Counterclaim for betterments. The Court previously addressed many of the claims set forth in the Complaint and Counterclaim in the Court's September 23, 2019 Order granting partial summary judgment. The remaining issues not addressed by that prior Order were taken up at a trial on January 3, 2020. All parties were present and participated in the trial proceedings.


The Plaintiffs' entitlement to an ejectment order in their favor was determined by the Court's September 23, 2019 Order. The remaining trial issue focused on the Defendant's Counterclaim for her entitlement to betterments made to the property which is the subject of this dispute. This same property, and this same Defendant, were the subject of a prior ejectment proceeding and Judgment issued by this Court on or about August 26, 2015. Pursuant to the findings made in the earlier Judgment, and in accordance with the Court's Order dated October 9, 2019 in this case, the

1

parties stipulated that the Defendant's entitlement to betterments based upon the improvements made to the property prior to October 22, 2015 is the amount that was established by that prior Judgment. Thus, the remaining issue of dispute for determination at the January 3, 2019 trial was the existence and value of any betterments to the property made by the Defendant since October 22, 2015.

## FINDINGS

The focus of Defendant Labonville's evidence generally centered around three areas which she described as improvements to the property at issue: 1. Driveway improvements; 2. Chimney repairs; and 3. Fencing and loam expenditures. Specifically, Labonville introduced evidence of receipts which purported to demonstrate expenditures which were made since October 22, 2015 for materials or services rendered at the property. The Court is not persuaded, however, that the actual expenditure made by the Defendant is the proper measure of damages in determining any claim for betterments. The proper measure of damages in such an award is "the increased value of the premises" based on any improvements made on the premises by the claimant. Title 14 M.R.S. §6959. Thus, although the defendant's receipts for expenditures made may be relevant in demonstrating some of the work undertaken, the amounts included in such receipts do not equate to the amount of the betterment Judgment which should be awarded.

In this regard, the Court finds that the fence related work and delivery of loam or composting material did not result in any increase in the value of the premises. Such expenditures certainly were helpful and valuable to the

2

Defendant herself in assisting to feed and provide for her family, but did not constitute a "betterment" for which she is entitled to payment. Moreover, any such expenditures were not "judicious and proper under the circumstances". 14 MRS § 6959.

The Court does find that the improvements made by the Defendant to the driveway since October 22, 2015 did improve the value of the premises. Accordingly, the Court finds that such improvements constitute a betterment for which the Defendant is entitled to payment. Specifically, the Court finds that the work related to the driveway improvements increase the value of the premises by $500.

Additionally, the evidence relating to the chimney repairs made at the premises after October 22, 2015 also constituted a betterment which increases the value of the premises at issue. In this regard, the Court concludes that the increase in the value of the premises for the chimney improvements equaled $1000.

The final issue the Court must resolve in determining the total value of the betterments the Defendant is entitled to receive relates to the application of any "credit" which a prior owner of the premises, Theodore Barnes, was entitled to receive. As noted above, a prior Order of this Court dated August 26, 2015 ordered Mr. Barnes to pay betterments in the total amount of $19,000. Subsequent to that Court Order, the current Defendant's now deceased spouse, Richard Labonville, was adjudicated on February 22, 2016, as having committed the offense of Unlawful Cutting of Trees on the same premises. As part of that adjudication, Mr. Labonville was ordered to pay

3

Mr. Barnes $750 in restitution, and that furthermore, satisfaction of the restitution payment would be realized as an offsetting credit toward the $19,000 betterment payment Mr. Barnes was required to pay the Labonvilles.

It is not disputed that Mr. Barnes never paid the betterment award established by previous Orders of this Court. This Court concludes that the $750 "credit" alluded to in the proceeding brought by the State against Richard Labonville for unlawful cutting of trees was personal as between Richard Labonville and the prior property owner, Theodore Barnes. Since Mr. Barnes never, in fact, paid the betterment claim the Court determined was due, the application of the $750 "credit" is moot and is not in any way transferable or available to the current Plaintiffs in this matter.

## CONCLUSIONS

The Court previously established that the Defendant is entitled to a Judgment in her favor, with respect to the Counterclaim for betterments in the amount of $19,000, plus interest, for the improvements which were made to the property prior to October 22, 2015. The additional amount of betterments to which the Defendant is entitled based upon improvements made to the property since October 22, 2015 equals $1500. The Court understands that the parties do not dispute that statutory interest on the initial $19,000 judgment amount accrued at the rate of 6.27% from August 26, 2015 to May 18, 2018 when the funds in the amount of $21,420.17 were deposited with the Court by the Plaintiffs. The additional principal amount of $750 plus the additional post-judgment interest for that amount for the

4

original $19,000 betterment award remains outstanding, in addition to the newer betterment award in the amount of $1,500.

In accordance with title 14 MRS §6705, Judgment for the Plaintiffs on their claim for Ejectment shall not be entered for 30 days from the date of this Decision, during which time the Plaintiffs may make their election on the record to abandon the premises.

In accordance with Title 14 MRS §6961, if the Plaintiffs do not elect to abandon the premises, no writ of possession shall issue on their Judgment, unless, within one year from the rendition of this Judgment in their favor, they pay to the Clerk of this Court, the additional sums due on the judgment representing the betterments and improvements ordered to the Defendant on her Counterclaim, with interest thereon from the date of this Decision. If the Plaintiffs do not abandon the property, the remaining additional payment payable to the Clerk for the benefit of the Defendant equals $2,435.90 ($750 unpaid "credit," plus $185.09 unpaid interest on the "credit" from 2/26/16 to 1/29/20, plus $1,500 in additional betterments since 10/ 22/15)

The Clerk is directed to incorporate this Findings, Decision and Judgment, by reference, in accordance with MRCivP 79(a).

Date: __1/28/2020__

_____
SUPERIOR COURT JUSTICE

Entered on the Docket: __1/29/2020__

5